Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Anthony Simone, Appellant.

Argued January 8, 1976, before Judges KRAMER, WILKINSON, JR. and MENCER, sitting as a panel of three.

*James Gallo*, with him *John J. D'Angelo*, with him *Bank, Minehart & D'Angelo*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE KRAMER, April 5, 1976:

This is an appeal by Anthony Simone from a decision of the Unemployment Compensation Board of Review which affirmed a referee's decision holding that Simone is ineligible for benefits because he was discharged for willful misconduct.[1] The issue in this case is whether the Board erred by holding that Simone's sleeping on the job constituted willful misconduct. We hold that the Board did not err and affirm.

Simone was employed by Atlantic Aviation Service, Inc. from March 1, 1972 to August 12, 1974. A few days prior to August 12, 1974, Simone reported to work and was assigned to a truck which he determined was inoperable. Simone took the truck to the motor pool for repairs. While a mechanic was working on the truck, Simone went in the mechanic's office and fell asleep. The mechanic completed his repairs on the truck but was not aware that Simone was sleeping in his office. Simone's foreman entered the mechanic's office and noticed Simone was asleep. Thereafter, the foreman sought another employe to observe Simone's sleeping during working hours.

---

1. See Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sees., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Simone was subsequently provided a hearing by Atlantic Aviation Service and given the option of resigning or being discharged. Simone resigned in order to avoid being fired.[2]

Simone argues that the Board erred by holding that his sleeping on the job constituted willful misconduct. Our scope of review is limited to questions of law and a determination as to whether the Board's findings are supported by the evidence. Questions of credibility and the weight to be given evidence are for the Board. In addition, the party that prevailed below is to be given the benefit of any inferences which can be reasonably and logically drawn from the evidence. *Shira v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 457, 310 A.2d 708 (1973).

The burden of proving that an employe was discharged for willful misconduct is upon the employer. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). Willful misconduct involves (1) the wanton and willful disregard of the employer's interests; (2) the deliberate violation of rules; (3) the disregard of standards of behavior which an employer can rightfully expect from an employe; or (4) negligence which manifests culpability, wrongful intent, evil design, or intentional and substantial disregard for the employer's interests or the employe's duties and obligations. *Kentucky Fried Chicken, supra.*

Sleeping on the job clearly falls within criteria 1 and 3 set forth above. When an employer proves that an employe slept on the job, or an employe admits that he slept on the job, a *prima facie* case of willful misconduct has been set forth. At that point, the burden shifts to

---

2. The Board quite properly treats this type of case as if it were a discharge for a willful misconduct, even though the employe technically resigned.

the employe to prove that, under the facts of the particular case, sleeping on the job did not constitute willful misconduct.

Simone argues that his sleeping on the job was not willful misconduct because he was forced to be idle while his truck was repaired. This argument has no merit. Simone was still asleep after his truck was repaired. His nap extended beyond his period of forced idleness into a period when his employer had a right to expect him to be working.

Even if Simone could show that his sleeping occurred only during a period of slack time or forced idleness, that would not be sufficient to sustain his burden. As a matter of public policy, an employer has a right to expect that his employes will not go to sleep when they have a short period of forced idleness. Absent proof that the employer either permits or tolerates such sleeping, we believe that sleeping during a period of forced idleness constitutes willful misconduct.

Simone admitted that he slept on the job and failed to meet his burden of proving that his sleeping did not constitute willful misconduct. We therefore

### ORDER

AND Now this 5th day of April, 1976, the order of the Unemployment Compensation Board of Review, dated April 16, 1975, denying benefits to Anthony Simone, is hereby affirmed.