Jay L. Markley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 10, 1979, before Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*Jay L. Markley,* petitioner, for himself.

*Gary Marini,* Assistant Attorney General, with him *William Dade,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, November 1, 1979:

Jay L. Markley (claimant) appeals from an Unemployment Compensation Board of Review (Board) decision which reversed a referee's grant of benefits.

The claimant was a business analyst and chemical engineer employed by the Sun Oil Company (employer) in Philadelphia when he received a letter from his employer on October 25, 1977 requesting that he correct certain "performance problems". These problems were said to include "persistent lateness, early departure, continued and extended periods of time devoted to non-work related activity and poor quality of work." Although it appears that the claimant made

some effort to improve his performance after receiving this letter, the employer charged that he nevertheless continued to be habitually late for work and was observed sleeping on the job. Approximately seven weeks after sending the letter, the employer was informed by the claimant's supervisor that the claimant had shown little improvement in the quality of his work and that his reliability for reporting to work on time had improved only marginally. The employer then notified the claimant on December 16, 1977 that his services would be terminated effective December 31, 1977.

The claimant's initial application for benefits was denied by the Bureau of Employment Security (Bureau) pursuant to Section 402(e) of the Unemployment Compensation Law (Act)[1] on the grounds that his discharge was due to his willful misconduct. He appealed this decision and, after a hearing at which he was the only person to testify, the Bureau's determination was reversed by the referee and the claimant was granted benefits. The employer then appealed to the Board which ordered a hearing before a Board-designated referee, after which the Board issued an order reversing the order of the first referee and denying benefits. An appeal to this Court followed.

The employer, of course, had the burden here of proving that the claimant's discharge resulted from an act of willful misconduct and that unemployment benefits should therefore be denied. *Romanovich v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 501, 379 A.2d 1065 (1977). Whether or not the claimant's actions constituted willful discharge from employment, of course, is a question of law subject to our judicial review. *Collins v. Unem-*

---

[1] Act of December 5, 1936, Second Ex. Sess. P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

*ployment Compensation Board of Review,* 25 Pa. Commonwealth Ct. 538, 360 A.2d 760 (1976). And, while the term willful misconduct is not defined in the Act, this Court has defined it as wanton or willful disregard of the standards of behavior the employer has the right to expect of his employees, or negligence which manifests culpability, wrongful intent, or evil design which shows an intentional and substantial disregard of the employer's interest or the employee's duties and obligations to the employer. The claimant argues here that his actions were reasonable under the circumstances. *See Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976).

A careful reading of the record indicates that the employer twice found the claimant sleeping during working hours and expressed his dissatisfaction, and we have previously held that absent proof that the employer either permits or tolerates sleeping at work, such conduct constitutes misconduct. *Unemployment Compensation Board of Review v. Simone,* 24 Pa. Commonwealth Ct. 248, 355 A.2d 614 (1976). We believe that there is insufficient evidence of record here to show that the employer permitted the claimant to sleep at the times in question.

Turning to the issue of the claimant's tardiness, the law is clear that habitual tardiness, particularly after warnings, is sufficient evidence to sustain a finding of willful misconduct. *Unemployment Compensation Board of Review v. Glenn,* 23 Pa. Commonwealth Ct. 240, 350 A.2d 890 (1976). And the record here clearly indicates that even after the employer made efforts to accommodate the claimant in regard to arrival time, the claimant continued to be late. He maintains that the "flex time" schedule which he was permitted to follow allowed him to have *approximate* starting times, but the record simply does not sup-

port such a conclusion. It appears that the "flex time" schedule permitted him to work different *set* hours on different days, but the claimant was late regardless of what his scheduled starting time was for a given day. Such action must be held to constitute willful misconduct.

Finally, the Board concluded that the claimant's quality of work did not improve after he received the first letter. While it is true that mere incompetence, inexperience or inability which may well justify discharge, will not constitute willful misconduct so as to render an employee ineligible for benefits, *Wetzel v. Unemployment Compensation Board of Review*, 29 Pa. Commonwealth Ct. 195, 370 A.2d 415 (1977), the Board obviously concluded that the claimant's poor quality of work was the result of his unwillingness to work to the best of his ability. Such unwillingness undoubtedly evidences a disregard for the standards of service which an employer has a right to expect. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973).

We will therefore affirm the order of the Board.

ORDER

AND Now, this 1st day of November, 1979, the Order of the Unemployment Compensation Board of Review denying benefits to Jay L. Markley is affirmed.