Gussie Johnson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 8, 1980, before Judges WILKINSON, JR., ROGERS and CRAIG, sitting as a panel of three.

*Clinton L. Johnson,* for petitioner.

*Elsa D. Newman-Silverstine,* Assistant Attorney General, with her *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., October 8, 1980:

Petitioner (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's denial of benefits un-

der Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

Claimant was employed as a truck driver by the County of Delaware (employer) until November 1, 1978. On that day claimant was discharged for sleeping while on duty, which action violated an express provision of the labor-management agreement governing claimant's job. Further, claimant was aware of the express work rule which he violated.

Claimant contests his notice of the specific rule violated and certain other factual matters found by the Board.[1] However, as the Board's findings of fact are supported by substantial evidence in the record, the findings are binding on us. *Hill v. Unemployment Compensation Board of Review,* 52 Pa. Commonwealth Ct. 141, 415 A.2d 711 (1980).

Beyond violating an express work rule, sleeping on the job constitutes a wanton or willful disregard of the standards of behavior that an employer has the right to expect of his employees, or negligence which manifests culpability, wrongful intent or evil design exhibiting an intentional and substantial disregard of the employer's interest or the employees' duties and obligations to the employer. *Markley v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 148, 407 A.2d 144 (1979). In *Markley* the Court stated:

> the employer twice found the claimant sleeping during working hours and expressed his dissatisfaction, and we have previously held that absent proof that the employer either permits

---

[1] In particular the claimant asserts that at the time he was found sleeping he was on his lunch break. This is contrary to the claimant's testimony that he had returned from his lunch break and was "sitting in the chair, waiting until, you know, the truck gets loaded, and you have to pull it up."

or tolerates sleeping at work, such conduct constitutes willful misconduct.

*Id.* at 151, 407 A.2d at 146.

In *Unemployment Compensation Board of Review v. Simone*, 24 Pa. Commonwealth Ct. 248, 355 A.2d 614 (1976), this Court was previously presented with the appeal of a truck driver terminated for sleeping while on duty. There, as here, the employee asserted a period of forced idleness. The Court stated:

> Even if Simone could show that his sleeping occurred only during a period of slack time or forced idleness, that would not be sufficient to sustain his burden. As a matter of public policy, an employer has a right to expect that his employees will not go to sleep when they have a short period of forced idleness.

*Id.* at 251, 355 A.2d at 616.

Accordingly, we will enter the following

ORDER

AND Now, October 8, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-0170130, dated March 16, 1979, affirming the denial of Benefits to Gussie Johnson is affirmed.