University of Pittsburgh, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Rebecca J. Hopewell, Intervening Party Respondent.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*James Oliver Hunter,* for petitioner.

No appearance for respondent.

*Linda C. Liechty,* for intervening party respondent.

OPINION BY JUDGE CRAIG, December 19, 1980:

The question in this unemployment compensation appeal is whether the Unemployment Compensation Board of Review, in adopting the referee's findings and decision, capriciously disregarded competent evidence[1] in concluding that the employer, the University of Pittsburgh, did not meet its burden of establishing willful misconduct[2] as a basis for the denial of benefits to claimant Rebecca J. Hopewell after the employer discharged her.

---

[1] When the board has found against the party with the burden of proof, our scope of review is thus limited. *Unemployment Compensation Board of Review v. Atlantic Richfield Co.,* 22 Pa. Commonwealth Ct. 511, 349 A.2d 496 (1975).

[2] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The referee's decision, as adopted by the board, begins with undisputed findings that the claimant (1) had worked as an administrative assistant for employer[3] and (2) was discharged June 7, 1979 on grounds of alleged excessive tardiness, insubordination and failure to follow procedures. The key disputed finding is:

> 3. The claimant was tardy and permitted by her employer to make up the time and was never warned that continued tardiness would result in her discharge.

The referee also found that the claimant had not been insubordinate, had followed procedures and had always performed her work to the best of her ability. As to the matters of insubordination and failure to follow procedures, we find no sufficient basis to reject the findings of the compensation authorities.

Turning to the issue of the claimant's tardiness, "the law is clear that habitual tardiness, particularly after warnings, is sufficient evidence to sustain a finding of willful misconduct." *Markley v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 148, 151, 407 A.2d 144, 146 (1979).

Before May 25, 1979, the claimant's pattern of arrival at work after the starting time is undisputed. Although the employer claims that the claimant's total tardiness in that period exceeded 160 hours, there is evidence that the claimant's pay was docked accordingly, during at least part of that period, thus supporting claimant's position that there was an agreement that she be treated as a less-than-full-time employee by reducing her pay for shortened hours worked.

---

[3] The finding inadvertently states the total employment period as 9½ months. The parties concur that the claimant was employed for 9½ years, initially working as a keypunch operator.

With this background, a supervisor's letter to claimant dated May 25, 1979, which claimant acknowledges receiving, emerges as having pivotal importance.

In addition to giving the claimant notice of a two-day suspension without pay for May 29 and 30, that May 25 letter also acknowledges that "[s]ince late 1974, we have tolerated your tardiness and agreed to reduce your pay for the time not worked rather than insist that you report to work on time." However, the letter, in addition to claiming that the toleration arrangement had been earlier discarded, proceeds clearly to state that, upon the claimant's return from the suspension, a dismissal will result from any violation of standards, including "working according to the stated . . . office hours as explained in my memorandum of April 16, 1979." The letter concludes:

As stated in that memo, you are expected to be at work regularly on time Monday through Friday, from 8:30 a.m. to 5:00 p.m., with one hour for lunch. Although some reasons for tardiness may be acceptable, frequent tardiness jeopardizes your performance as well as the efficiency of the office. Such behavior can no longer be tolerated.

Claimant admitted in testimony that, after receiving that letter and returning from the two-day suspension, she was tardy on June 1, 4, 5, 6 and 7. There is not a scintilla of claim or testimony that any pay reduction arrangement, or other toleration of tardiness, was resumed for that period. The employer's letter dismissing claimant followed on June 7.

Because there can be no question about the fact, meaning and effect of the letter of May 25 with respect to the cessation of the tardiness toleration arrangement and the clear warning as to future tardiness, and in view of the absence of any evidence whatsoever to

the contrary, we are required to regard the finding that the claimant was "permitted by her employer to make up the time and was never warned that continued tardiness would result in her discharge" as reflecting a capricious disregard of competent evidence with respect to the period after the written warning.

Accordingly, we must reverse with the direction that benefits be denied.

### ORDER

Now, December 19, 1980, the order of the Unemployment Compensation Board of Review dated November 2, 1979, No. D-177405, is hereby reversed with the direction that benefits be denied.