Mine Safety Appliances Company, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 21, 1980, before Judges WILKINSON, JR., BLATT and MACPHAIL, sitting as a panel of three.

*Rick R. Melson, II,* with him *Scott F. Zimmerman, James S. Cheslock, Reed, Smith, Shaw & McClay,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Beister, Jr.,* for respondent.

OPINION BY JUDGE WILKINSON, JR., December 19, 1980:

Petitioner (employer) appeals from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's award of benefits to employer's former employee, Donald B. Luxa (claimant).

Claimant worked for employer as an electronic engineer technician until June 29, 1979. On that day, between 1:00 p.m. and 1:15 p.m., claimant was observed at his desk with his eyes closed and, as a result, was placed on a five-day suspension beginning July 2, 1979 which was converted into a discharge on July 9, 1979. Employer discharged claimant specifically for sleeping on the job. After applying for benefits, the Office (then Bureau) of Employment Security denied such

on the basis of willful misconduct, a disqualification under Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). On appeal, the referee and the Board found that the claimant was not asleep on the job but had closed his eyes to rest them because he had a headache. Therefore, the referee and the Board awarded benefits. Employer brings this appeal.

Where the employer alleges misconduct on the part of the employee, it is the employer's burden to prove that fact with substantial evidence. *Philadelphia Geriatric Center v. Unemployment Compensation Board of Review,* 46 Pa. Commonwealth Ct. 357, 406 A.2d 1177 (1979). The alleged misconduct here was sleeping on the job. We acknowledge that such conduct, if proven or admitted and absent proof that the employer condones such behavior, can constitute willful misconduct. *See Johnson v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 220, 420 A.2d 794 (1980); *Markley v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 148, 407 A.2d 144 (1979); *Unemployment Compensation Board of Review v. Simone,* 24 Pa. Commonwealth Ct. 248, 355 A.2d 614 (1976). We agree, however, with the Board's conclusion that the employer has not met its burden of producing substantial evidence proving that claimant was sleeping. The employer's only proof of this alleged misconduct was the testimony of a Mr. Robert Meister, employer's Assistant Personnel Director, who stated that he was not in the plant on June 29, 1979 but that a supervisor later reported to him that he (the supervisor) saw claimant asleep at his desk. This testimony on the key issue was hearsay. Even though the testimony was admitted without objection at the time, it could not have supported a finding that claimant had been sleeping because it was un-

corroborated by competent evidence and, therefore, stands alone as the only evidence offered to prove claimant was indeed asleep. This hearsay was not relied upon by the Board. Indeed, a finding of fact based solely on hearsay will not stand. *Walker v. Unemployment Compensation Board of Review,* 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976). The Board, therefore, made the correct and only conclusion possible when it held that employer did not sustain its burden of proof.[1]

Employer argues that proof of the alleged misconduct comes from an "admission" by claimant during the hearing that he was sleeping.[2] The referee and the Board, however, did not consider this isolated answer an "admission" and in view of the directive that questions of credibility and resolution of evidentiary conflicts are within the sound discretion of the Board, not subject to re-evaluation on judicial review, *Miller v. Unemployment Compensation Board of Review,* 45 Pa. Commonwealth Ct. 539, 405 A.2d 1034 (1979), we cannot decide otherwise. We also note that the balance of claimant's testimony centered around his contention that he was merely resting his eyes due to an excruciating headache and nowhere else in his testimony does he even suggest he was sleeping. On the contrary, he testified that he denied being asleep when the accusation was made on the day of the occurrence.

---

[1] Even if we were to consider the hearsay testimony to be competent, probative evidence, it is not within our province to balance the conflicting evidence concerning whether claimant was asleep or not. Questions of credibility and the resolution of testimonial conflicts are for the Board, not the reviewing court. *Affalter v. Unemployment Compensation Board of Review,* 40 Pa. Commonwealth Ct. 482, 397 A.2d 863 (1979).

[2] The testimony referred to is as follows:

Q: Now, Mr. Luxa, what do you have in rebuttal? On the 29th were you asleep at one o'clock in the afternoon?

A: Yes, but that was my lunch period.

Employer also argues that claimant took an extended lunch break on company premises in violation of employer's express rule against this. Whether or not this alleged action by the claimant is willful misconduct will not be decided here because the claimant was not discharged for violation of that rule. The employer's letter to claimant states, and the employer's representative testified, that claimant was discharged for sleeping on the job. Violation of the company rule against taking extended lunch breaks on company premises "may not be assigned as a reason for denying compensation if it was not a cause of the claimant's unemployment." *Century Apartments, Inc. v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 485, 487, 373 A.2d 1191, 1192 (1977).

Accordingly, we will enter the following

ORDER

AND Now, December 19, 1980, the order of the Unemployment Compensation Board of Review, Decision No. B-178048, dated November 21, 1979, awarding unemployment compensation benefits to Donald B. Luxa is affirmed.