Robert Harshman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 19, 1980, before Judges BLATT, CRAIG and MACPHAIL, sitting as a panel of three.

*Raymond P. Amatangelo, Bassi and Rega*, P.C., for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, February 23, 1981:

The petitioner, Robert Harshman, appeals the decision of the Unemployment Compensation Board of Review (Board) denying him benefits on the grounds that he was discharged for willful misconduct and so was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

On December 1, 1978, his last day of employment for the Reserve Petroleum Company, the petitioner was scheduled to work at his employer's plant from 12:00 midnight to 8:00 a.m. during which time he would be the only employee on the premises. At midnight on December 1, 1978, however, he was in a bar located close to the employer's plant and at that time

he called the employee whom he was to relieve and told that employee either to come to the bar for a drink or to go home. The employee then went home. The petitioner did not himself go to the plant until approximately 1:00 a.m. He was shortly thereafter discharged for leaving the plant unattended. The Bureau (now Office) of Employment Security (Bureau) granted unemployment compensation benefits, but, after a hearing, the referee found that the petitioner was discharged for willful misconduct and reversed the determination of the Bureau. Upon appeal by the petitioner, the Board ordered a remand hearing for further testimony and, after additional evidence was taken, it affirmed the referee's order denying benefits.

Our scope of review in a case where the Board has held that the employer has met its burden of proving an employer's behavior constituted willful misconduct is to determine whether or not there is substantial evidence to support the Board's findings of fact and that no error of law was committed. *Roach v. Unemployment Compensation Board of Review*, 31 Pa. Commonwealth Ct. 424, 376 A.2d 314 (1977). "Willful misconduct" has been defined by this Court as wanton or willful disregard of the standards of behavior the employer has a right to expect of his employees, or negligence which manifests culpability, wrongful intent, or evil design which shows an intentional and substantial disregard of the employer's interest or the employee's duties and obligations to the employer, *Markley v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 148, 407 A.2d 144 (1979), and we must affirm the Board's decision that the petitioner's conduct manifested a clear disregard for the employer's interests. The petitioner's argument that he would have had to ar-

rive at his employer's plant, dismiss the employee he was to replace and then leave before he could be discharged for "leaving the plant unattended" is not persuasive. We cannot condone his blatant dereliction of the duty he owed to his employer and we note, of course, that the other employee left the plant only because the petitioner instructed him to do so, and the petitioner must now, therefore, accept full responsibility for the consequences of this action. We believe that his services were terminated for willful misconduct and we must, therefore, affirm the Board's decision.

### ORDER

AND Now, this 23rd day of February, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.