Max J. Kelley, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 6, 1981, before Judges ROGERS, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*John B. Dunn,* for petitioner.

*John T. Kupchinsky,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, May 28, 1981:

Max J. Kelley has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming the decision of a referee that Kelley is ineligible for unemployment compensation benefits on the ground of willful misconduct. Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). We affirm.

The facts of this case are not in dispute. Kelley was last employed by Rodale Square D as a molding machine operator, assigned to the 11:30 P.M. to 7:30 A.M. shift. On July 9, 1978,[1] at approximately 2:00 A.M., the plant supervisor discovered Kelley sleeping in a room separate and approximately ten yards from his designated work area. The machines to which Kelley was assigned were in full operation at the time. Kelley was thereafter discharged for sleeping on the job while his machines were operating.

Kelley's application to the Office of Employment Security for unemployment compensation benefits was denied on the ground that his sleeping at work while the machines entrusted to his care were operating constituted willful misconduct. A referee, after a hearing, affirmed the Office's determination. The Board affirmed the referee's decision. Kelley then appealed to this Court. By agreement of the parties, we remanded the matter to the Board so that it might conduct oral argument. Oral argument was had after which the Board issued a new decision and order, again affirming the referee's decision denying Kelley benefits. This appeal followed.

Kelley does not dispute that sleeping during working hours without permission constitutes willful misconduct. *See, e.g., Johnson v. Unemployment Compensation Board of Review*, 54 Pa. Commonwealth Ct. 220, 420 A.2d 794 (1980); *Markley v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 148, 151, 407 A.2d 144, 146 (1979). Kelley testified that he was sleeping during his ten minute "break" period and that such conduct was permitted, or at least tolerated by his employer. However, the plant

---

[1] There is some conflict over whether the incident occurred on July 9, 1978, or on July 10, 1978. However, the parties agree that the precise date does not affect the issue of Kelley's eligibility for unemployment compensation benefits.

supervisor testified that employees on Kelley's night work shift when there are no relief operators are not permitted to sleep during their breaks and that on the contrary they are required to remain awake and at their assigned work areas. The Board noted this conflict of testimony and specifically stated that it found the employer's evidence to be credible and it clearly sufficiently carries the employer's burden.

Kelley next contends that he cannot be found guilty of willful misconduct because he was unaware of his employer's rule against sleeping during breaks. However,

> [be]yond violating an express work rule, sleeping on the job constitutes a wanton or willful disregard of the standards of behavior that an employer has the right to expect of his employees, or negligence which manifests culpability, wrongful intent or evil design exhibiting an intentional and substantial disregard of the employer's interest or the employee's duties and obligations to the employer.

*Johnson v. Unemployment Compensation Board of Review, supra* at 420 A.2d at 795. The facts as found in this case are not different from those in *Unemployment Compensation Board of Review v. Simone*, 24 Pa. Commonwealth Ct. 248, 355 A.2d 614 (1976), where we held that a claimant found sleeping on the job during a period of forced idleness due to equipment failure was guilty of willful misconduct, reasoning that "an employer has a right to expect that his employees will not go to sleep when they have a short period of . . . idleness" and that unless "the employer either permits or tolerates such sleeping, we believe that [it] . . . constitutes willful misconduct." *Id.* at 251, 355 A.2d at 616. The influence of public policy is even stronger here than in *Simone*. Here, the claimant voluntarily abandoned his assigned

work area, went to sleep and left operating and un-attended the industrial machinery which he was supposed to be supervising.

Order affirmed.

### Order

And Now, this 28th day of May, 1981, the order of the Unemployment Compensation Board of Review, dated September 4, 1979, affirming the decision of a referee denying unemployment compensation benefits to Max J. Kelley, is affirmed.