Rosalind Ballard, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1982, to Judges ROGERS, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Eric J. Fischer,* for petitioner.

*William J. Kennedy,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE ROGERS, January 24, 1983:

Rosalind Ballard, the claimant in this Unemployment Compensation case, was discharged from her employment as a general clerk for the Bell Telephone Company for reasons which the Unemployment Compensation Board of Review decided constituted willful misconduct which, by Section 402(e) of the Unemployment Compensation Law, 43 P.S. §802(e), rendered her ineligible for benefits.

The Board found that during the last eleven months of her employment, the claimant was absent 59 times. These absences were due to illness and were

properly reported to her employer. However, during this same period, the claimant was tardy seven times for reasons such as oversleeping, late returning from lunch and traffic problems on the expressway.

In accordance with the employer's progressive disciplinary procedure, the claimant had been issued warnings on account of her established record of absenteeism and of tardiness. On October 27, 1980, the claimant was late in arriving at work and late in returning from lunch. The claimant was discharged from her employment due to her unacceptable attendance record.

The Office of Employment Security denied the claimant's application for benefits. On appeal after a hearing where the claimant and three employer representatives testified, a Referee granted benefits. The employer then appealed and the Board of Review reversed the referee's decision and denied benefits to the claimant. We reverse the Board of Review's order.

An employer's representative testified as follows:

Referee: Why would she have been discharged if she not only was paid for them [the absences], but they were treated as excused absences?

Employer's Representative: Well, you cannot afford to keep someone on your payroll who is continually out all the time, and because of her poor attendance record, she was dismissed because of that.

Referee: Right. But not necessarily because they [the absences] were unexcused or unreported or anything of that description.

Employer's Representative: No.

Referee: Now, would the claimant have been [dis]charged for a record of, or an alleged record of seven latenesses during a one year period?

Employer's Representative: She was not discharged for lateness alone. It was a combination of lateness and absence.

Referee: Right. I am trying to separate the two in my own mind. Would the claimant have been discharged for seven latenesses?

Employer's Representative: In one year, it would depend on the timing of the latenesses.

Referee: And would it be linked also with the absenteeism?

Employer's Representative: It would be linked also with absenteeism; it is a combination of both.

Section 402(e) provides that an employee shall be ineligible for compensation for any week "in which his unemployment is due to his discharge for wilful misconduct connected with his work."

The claimant's absences having been reported as the employer required were not acts of willful misconduct *(Flynn Unemployment Compensation Case,* 174 Pa. Superior Ct. 71, 98 A.2d 490 (1953)) and therefore she would not be ineligible for compensation for being discharged on this account. Tardiness may be willful misconduct *(Markley v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 148, 151, 407 A.2d 144, 146 (1979)). However, the employer's evidence was to the effect that the claimant's discharge was for excessive absence and tardiness combined and, crucially, that whether she would have been discharged for tardiness alone would have depended on the timeliness of the latenesses; that is, that she might not have been discharged for tardiness. This evidence does not carry the employer's burden to prove that the claimant's unemployment was due to her discharge for willful misconduct.

Order reversed; remanded for computation of benefits.

310

Amended Order

The order of the Unemployment Compensation Board of Review, in the above matter is hereby reversed and remanded for the computation of benefits.