ERVIN, Judge,
dissenting.
Although the instant case represents, in my judgment, a much closer case for reversal than does Baptist Medical Center v. Stolte, 475 So .2d 959 (Fla. 1st DGA 1985), I would nevertheless affirm because I consider the Commission’s interpretation of misconduct, as provided in Section 443.-036(24), Florida Statutes (Supp.1982), to be within the permissible range of statutory interpretations. See State Department of Health and Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238, 242 (Fla. 1st DCA 1981). I could also agree, if the Commission had so held, that the employee’s failure to register guests, allowing them to leave without paying for their stay, and concealing their “skip-outs”, could constitute misconduct within the meaning of the statute, thereby barring a claim for benefits. The Commission has apparently interpreted the statute as requiring that there must be competent and substantial proof of the misconduct alleged by the employer as the reason for the discharge, and that evidence of other acts of misconduct, not cited by the employer at the time of the separation, is irrelevant and immaterial to the question of the claimant’s entitlement to such benefits.
The Commission’s interpretation must be considered within the context of the proceedings conducted below. The notice of claims determination, initially denying unemployment compensation benefits to the claimant, stated: “You were discharged because an investigation revealed evidence you embezzled company funds. Your actions were not in your employer’s best interest and caused your discharge.” (emphasis supplied) This statement was reiterated by the appeals referee at the outset of the first hearing, and the evidence then presented related solely to the question of whether the claimant had embezzled his employer’s monies. This issue was resolved by the referee’s findings, contained in the first recommended order, entered June 13, 1983, stating that the claimant was “discharged because the employer felt that the claimant was stealing money from the motel rental monies.” The order concluded that the employer had failed to present by a preponderance of the evidence that monies were missing or that claimant had stolen such monies; therefore it was found that claimant was discharged, but not for misconduct connected with his work. On review, the Commission remanded the cause to the referee to determine two factual issues unresolved by the referee’s recommended order: (1) Whether the claimant had made an admission of embezzlement to the investigating officer, and (2) what effect, if any, the nolle pros of the criminal charges filed against the claimant entered after the first evidentiary hearing had upon the claim. The referee was also instructed to allow the employer the opportunity to offer rebuttal evidence to the state’s decision to dismiss the criminal offenses. Obviously both issues related to the reason for the discharge given by the employer — that the claimant had embezzled rental deposits.
After remand, the referee placed greater credence upon claimant’s statement that he did not confess to stealing the monies, over that of the officer’s to the contrary, because, in the words of the referee, the officer’s testimony was characterized “by vague and'unsure answers.” She further found that it was not shown by a preponderance of the evidence that the claimant had embezzled monies from the employer.
I believe that at the later hearing the employer clearly attempted to broaden the scope of the Commission’s directions by offering evidence unrelated to the expressed cause for claimant’s discharge. The evidence pertained instead to the employee’s negligence in permitting guests to depart without payment, and his extreme disregard of his employer’s interests by later attempting to conceal the fact of nonpayment. The Commission, exercising its *959 discretion, has agreed with the referee that such additional facts are not pertinent to claimant’s entitlement to benefits.
As I have stated, the Commission is given broad interpretative powers of the statutes which it is authorized to regulate. Indeed, the appeals referee is permitted to “limit the scope of the proceedings to the issues of fact and law raised by the determination or redetermination on appeal”. Fla. Admin. Code Rule 38E-5.24(4)(c) (e.s.). The appeals referee, as any trier of fact, is permitted, if confronted with conflicting evidence regarding a disputed issue of fact, to resolve such conflicts. Fla. Admin. Code Rule 38E-5.25(3)(e). Additionally, Rule 38B-2.17(4)(a), relating to the interpretation of the statute defining misconduct, permits the Division to “[determine whether the facts in evidence support a determination of separation for misconduct connected with the claimant’s work”. Finally, any “determination of misconduct must be supported by evidence, ... which has been provided to the Division and which will substantiate a charge of misconduct”. Fla. Admin. Code Rule 38B-2.17(5)(a).
The Commission’s decision that the misconduct must relate to that alleged by the employer at the time of separation is moreover supported by out-of-state case law. See Miller v. F.W. Woolworth Co., 359 Mich. 342, 102 N.W.2d 728 (1960); Hawkins v. Leach, 115 Ohio App. 259, 185 N.E.2d 36, 44 (1961) (“The existence of grounds upon which the employee might have been discharged is immaterial if they were not in fact the grounds of discharge.”); Mine Safety Appliances Co. v. Commonwealth, Unemployment Compensation Board of Review, 55 Pa. Commw.Ct. 517, 423 A.2d 798 (1980).
Believing that the action taken by the Commission was an appropriate exercise of the powers delegated to it under Chapter 443, I would not disturb its determination on appeal and would therefore affirm.