IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sammiethia A. Jones,     :
    Petitioner     :
             :
    v.       :
             :
Unemployment Compensation  :
Board of Review,     : No. 514 C.D. 2018
    Respondent   : Submitted: October 26, 2018


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY[1]       FILED:  March 29, 2019


   Sammiethia A. Jones (Claimant) pro se petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) March 2, 2018 order affirming the Referee's decision denying UC benefits under Section 402(e) of the UC Law (Law).[2]  Claimant presents one issue for this Court's review: whether the UCBR erred by concluding that she was aware of the work rule prohibiting sleeping on the job.  After review, we affirm.

   Claimant was employed by BJ's Wholesale Club (Employer) as an Asset Protection employee from October 2008 through August 16, 2017.[3]  Employer has

---

   [1] This Opinion was reassigned to the author on January 24, 2019.

   [2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e) (referring to willful misconduct).

   [3] The Dissent declares that this representation is erroneous; *see* Dissenting Op. at 3 n.1. However, this statement is consistent with the Referee's finding of fact (FOF), *see* Referee Dec. at 1 (FOF 1), which was adopted by the UCBR, and supported by Claimant's Internet Initial Claim. *See* Original Record Item 2 at 2.  Moreover, the only reference to additional positions is in Claimant's brief, which is not evidence. *See Rothstein v. Unemployment Comp. Bd. of Review*, 114 A.3d 6 (Pa. Cmwlth. 2015).

rules that prohibit an employee from sleeping on the job. Further, Employer's policy is that it will discharge an employee for a first offense of falling asleep on the job. Claimant was aware of this rule. Claimant did not seek Employer's assistance in regard to preventing sleep while working or tiredness issues. On August 6, 2017, at approximately 2:00 a.m., Claimant fell asleep on the job. Employer terminated Claimant's employment for that reason.

Claimant applied for UC benefits. On October 11, 2017, the Altoona UC Service Center (UC Service Center) determined that Claimant was ineligible for UC benefits under Section 402(e) of the Law. Claimant appealed and a Referee hearing was held. On December 7, 2017, the Referee affirmed the UC Service Center's determination. Claimant appealed to the UCBR. On March 2, 2018, the UCBR affirmed the Referee's decision. Claimant appealed to this Court.[4]

Initially,

> Section 402(e) of the Law provides that an employee is ineligible for [UC] benefits when his unemployment is due to discharge from work for willful misconduct connected to his work. The employer bears the burden of proving willful misconduct in a[] [UC] case. Willful misconduct has been defined as (1) an act of wanton or willful disregard of the employer's interest; (2) **a deliberate violation of the employer's rules**; (3) **a disregard of standards of behavior which the employer has a right to expect of an employee**; or (4) negligence indicating an intentional disregard of the employer's interest or a disregard of the employee's duties and obligations to the employer.

---

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704." *Turgeon v. Unemployment Comp. Bd. of Review*, 64 A.3d 729, 731 n.3 (Pa. Cmwlth. 2013).

*Sipps v. Unemployment Comp. Bd. of Review*, 181 A.3d 479, 481 (Pa. Cmwlth. 2018) (quoting *Dep't of Transp. v. Unemployment Comp. Bd. of Review*, 755 A.2d 744, 747 n.4 (Pa. Cmwlth. 2000) (citation omitted; emphasis added)).

> Where willful misconduct is based upon the violation of a work rule, the employer must establish the existence of the rule, its reasonableness, and that the employee was aware of the rule. Once employer meets this burden, the burden shifts to the claimant to prove that the rule was unreasonable or that he had good cause for violating the rule.

*Sipps*, 181 A.3d at 482 (quoting *Weingard v. Unemployment Comp. Bd. of Review*, 26 A.3d 571, 574-75 (Pa. Cmwlth. 2011) (citation omitted)).

Claimant argues that the UCBR erred by concluding that she was aware that Employer had a rule against sleeping on the job. This Court has explained:

> [T]he [UCBR] is the ultimate fact-finder in [UC] matters and is empowered to resolve all conflicts in evidence, witness credibility, and weight accorded the evidence. It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the findings actually made. Where substantial evidence supports the [UCBR's] findings, they are conclusive on appeal.

*Sipps*, 181 A.3d at 484 (quoting *Ductmate Indus., Inc. v. Unemployment Comp. Bd. of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008)). Further,

> [s]ubstantial evidence is relevant evidence upon which a reasonable mind could base a conclusion. In deciding whether there is substantial evidence to support the [UCBR's] findings, this Court must examine the testimony in the light most favorable to the prevailing party, . . . giving that party the benefit of any inferences which can logically and reasonably be drawn from the evidence.

*Sipps*, 181 A.3d at 484 (quoting *Sanders v. Unemployment Comp. Bd. of Review*, 739 A.2d 616, 618 (Pa. Cmwlth. 1999)).

3

At the Referee hearing, Employer's human resources manager Jennifer McCann (McCann) presented Employer's "Workplace Guidelines" which were accepted into evidence. Certified Record (C.R.) at 61. They provided, in relevant part:

> To assure safety and security and provide the best possible work environment, [Employer] expects Team Members to follow rules of conduct that protect the interests and safety of our Team Members, Members and the public. It is not possible to list all behavior considered unacceptable in the workplace, but the following are examples of infractions that may result in disciplinary action, up to and including separation of employment:
>
> . . . .
>
> • Sleeping on the job[.]

C.R. at 61-62. McCann also presented, and the Referee accepted into evidence, Claimant's signed acknowledgement that she received Employer's: "Expectations; Workplace Guidelines; Open Door" on March 14, 2008. C.R. at 64.

Based on the above, the Referee found as a fact, which the UCBR adopted, that "Claimant [was] aware of th[e] rule" "prohibit[ing] an employee from falling asleep on the job." Referee Dec. at 1. The exhibits were "relevant evidence upon which a reasonable mind could base [the] conclusion" that Claimant was aware of the rule. *Sipps*, 181 A.3d at 484 (quoting *Sanders*, 739 A.2d at 618). Accordingly, the UCBR did not err by concluding that Claimant was aware of the rule prohibiting sleeping on the job.

The Dissent maintains that because Claimant listed the issue of "[w]hether the [UCBR] erred in concluding that [] '[C]laimant is ineligible for benefits under the provision of Section 402(e) of the [Law][,]'" she raised for this Court's review "[w]hether Claimant's conduct constituted 'willful misconduct' under Section 402(e) [of the Law]". Dissenting Op. at 1-2. By adding words to Claimant's

4

issue, the Dissent addresses whether Claimant deliberately violated a work rule. Further, a thorough reading of Claimant's Petition for Review and Claimant's entire brief belies the assertion that Claimant raised this issue.

> Notwithstanding,
>
> (be)yond violating an express work rule, sleeping on the job constitutes a wanton or willful disregard of the standards of behavior that an employer has the right to expect of his employees, or negligence which manifests culpability, wrongful intent or evil design exhibiting an intentional and substantial disregard of the employer's interest or the employee's duties and obligations to the employer.

*Kelley v. Unemployment Comp. Bd. of Review*, 429 A.2d 1227, 1228-29 (Pa. Cmwlth. 1981) (quoting *Johnson v. Unemployment Comp. Bd. of Review*, 420 A.2d 794, 795 (Pa. Cmwlth. 1980)); *see also Staudt v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth. No. 768 C.D. 2014, filed January 13, 2015) ("In the absence of a specific work rule forbidding sleeping while on duty, falling asleep at work generally is *prima facie* evidence of willful misconduct as it demonstrates either a wanton or willful disregard for an employer's interest or a disregard for the standards of behavior which an employer can rightfully expect of an employee. Once a *prima facie* showing of willful misconduct is made, an employee may rebut such a showing by demonstrating good cause for sleeping on the job.") (citations omitted); *Criss v. Unemployment Compensation Board of Review* (Pa. Cmwlth. No. 1290 C.D. 2009, filed February 5, 2010). Accordingly, even if Claimant had raised the issue, the UCBR still properly concluded she committed willful misconduct.

Moreover, the Court in *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 1 A.3d 965 (Pa. Cmwlth. 2010), the case the Dissent cites to support its position, based its conclusion on the fact that the claimant advised her employer that she had trouble staying awake and requested more work to help her stay awake. While the Court is sympathetic to Claimant in the

5

instant case and her circumstances, she has worked the overnight shift for a year and has never expressed a concern to her Employer about staying awake. *Philadelphia Parking Authority* is clearly inapposite.

For all of the above reasons, the UCBR's order is affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sammiethia A. Jones,                          :
          Petitioner                   :
                                             :
                v.                          :
                                             :
Unemployment Compensation           :
Board of Review,                              :    No. 514 C.D. 2018
          Respondent                 :

### O R D E R

AND NOW, this 29th day of March, 2019, the Unemployment Compensation Board of Review's March 2, 2018 order is affirmed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sammiethia A. Jones, :
           Petitioner :
            :
          v. : No. 514 C.D. 2018
            : Submitted: October 26, 2018
Unemployment Compensation Board :
of Review, :
           Respondent :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY PRESIDENT JUDGE LEAVITT              FILED: March 29, 2019

          Respectfully, I dissent. I agree with the majority that the Unemployment Compensation Board of Review's (Board) finding that Sammiethia Jones (Claimant) knew of her employer's work rule against sleeping on the job is supported by substantial evidence. Claimant raised the additional issue, however, of whether the Board erred in concluding that she committed disqualifying willful misconduct by falling asleep at her desk during her shift. Because the Board failed to determine whether Claimant's conduct was deliberate or intentional, I would vacate and remand.

          The majority opinion states that Claimant presents one issue for this Court's review, *i.e.*, whether the Board erred in concluding she was aware of the work rule prohibiting sleeping on the job. However, Claimant raised a second issue in her statement of questions involved and summary of argument, *i.e.*, whether the Board erred in concluding she is ineligible for benefits under Section 402(e) of the

Law, 43 P.S. §802(e).[1]  Although Claimant, who is *pro se*, did not develop this issue at length, her repeated statement of it in her brief is sufficient to require its review.[2]  Whether Claimant's conduct constituted "willful misconduct" under Section 402(e) is a question of law subject to this Court's plenary review.  *Navickas v. Unemployment Compensation Board of Review*, 787 A.2d 284, 303 (Pa. 2001).

On the question of whether sleeping on the job constitutes willful misconduct, this Court has reached different conclusions.  In *Kelley v. Unemployment Compensation Board of Review*, 429 A.2d 1227 (Pa. Cmwlth. 1981), the claimant left industrial machinery operating and unattended while he went into another room to take a nap.  This was held to constitute willful misconduct.  In *Unemployment Compensation Board of Review v. Simone*, 355 A.2d 614, 616 (Pa. Cmwlth. 1976), the claimant took a nap while a mechanic worked on his truck and continued to nap after the truck was repaired, *i.e.*, after his "forced idleness" ended.  This also was held to constitute willful misconduct.  In both cases, the claimants made the deliberate decision to sleep on the job.  By contrast, in *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 1 A.3d 965

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e), which states, in relevant part, that "[a]n employe shall be ineligible for compensation for any week ... [i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct...."

[2] The majority states that the dissent is "adding words to Claimant's issue." Majority slip op. at 4-5. In her brief, Claimant queries whether the Board erred in concluding she is "ineligible for benefits under the provision of Section 402(e) of the Pennsylvania Unemployment Compensation Law," Claimant Brief at 6.  This is sufficient to challenge the Board's legal conclusion that she committed willful misconduct.  Notably, the Notice of Hearing identified one of the specific issues "to be considered" by the Referee was "Section 402(e) – Whether Claimant's unemployment was due to discharge or temporary suspension from work for willful misconduct connected with employment."  Certified Record (C.R.) Item No. 8, at 1.  "Willful misconduct" is the only basis for disqualification in Section 402(e), 43 P.S. §802(e).  The Board does not argue that this issue is waived but, rather, addresses it at length in its brief.

(Pa. Cmwlth. 2010), an employee who fell asleep on the job was held not to have committed willful misconduct. The record showed that the claimant worked from 3:30 p.m. to midnight, seated at a desk in the "money room" with not enough to do to prevent drowsiness. *Id.* at 967. She asked the employer for more work lest she "konk out." *Id*. We concluded that the employer "failed to prove that [the claimant] deliberately or intentionally violated its work rule by sleeping during her shift." *Id.* at 969.

In the case at bar, Claimant worked part-time for BJ's Wholesale Club (Employer) for nearly ten years in multiple positions, most recently as an asset protection associate, when she was discharged for sleeping on the job. Claimant testified that when she was hired in 2008 she worked day shifts. In November 2016, she was assigned the 10:00 p.m. to 6:00 a.m. shift, which she had never done before. At the hearing, Claimant testified as follows in response to the Referee's questioning:

> R:    How did it happen that you wind up working overnight?
>
> Well, the department that I was actually working was closed and was sold to Dunkin Donuts. And, they offered me a job *to work overnight, which I told them that it would be hard; that I would absolutely try my best*. But, if you're used to working earlier hours than overnight, it's hard for your body to just change, regardless if it's four months, six months, seven, eight months. It's hard to make that change.
>
>                        \* \* \*
>
> And, for me, they knew my husband was a -- a dialysis patient, which I've been taking care of him since 2014. So, what I did for him did not interfere with my job at work. It was just the hours.

Notes of Testimony (N.T.), 12/5/2017, at 10 (emphasis added).[3]   Claimant testified that she had difficulty adjusting to the night shift but acknowledged that she did not so inform Employer.  Instead, she kept her "ears open" for other jobs with Employer. N.T. 12.

Claimant testified that she found working overnight challenging because it was a new experience.  She did not deny falling asleep at her desk on August 6, 2017.  In her written statement requested by Employer, Claimant explained that she had a busy day taking care of her husband, who needs dialysis, and was not able to nap enough before she reported to work at 10:00 p.m.  Certified Record, Item No. 9, Employer Exhibit 3.  Claimant testified that she did not intend to fall asleep.  N.T. 12.  She did not abandon her post, as did the claimant in *Kelley*; she simply nodded off at her desk.  She did not get comfortable on a sofa to take a nap, as did the claimant in *Simone*.  Claimant testified that she tried to stay awake and would help out when the floor was short-handed to stay busy.  In this respect, her conduct was similar to that of the claimant in *Philadelphia Parking Authority*. Claimant did not ask Employer for help with her shift assignment, as did the claimant in *Philadelphia Parking Authority*, but she did tell Employer that the night shift "would be hard[.]"  N.T. 10.

Nodding off on the job does not automatically constitute willful misconduct, even if the employer has a work rule against sleeping.  The Board assumed, incorrectly, that falling asleep in violation of a work rule *ipso facto* constitutes willful misconduct.  To the contrary, the violation of the work rule must

---

[3] The majority states, erroneously, that Claimant was an asset protection employee during her entire term of employment by Employer.  Claimant's testimony was that working the night shift was a new job, caused by the elimination of her former position.  Her lack of night shift experience is directly relevant to the question of whether her "nodding off" was a deliberate act.

be deliberate. Here, there was no finding by the Board that Claimant's violation was intentional and deliberate, and this is required. *Philadelphia Parking Authority*, 1 A.3d at 969; *Kelley*, 429 A.2d at 1229.

For the foregoing reasons, I would vacate the Board's adjudication and remand for a finding of whether Claimant "deliberately or intentionally violated its work rules by sleeping during her shift." *Philadelphia Parking Authority*, 1 A.3d at 969.

_____
MARY HANNAH LEAVITT, President Judge

MHL-5