Pamela Brillhart, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 4, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

438

*Leonard R. Price, Jr.,* with him *George R. Price, Jr.,* and *Danna Rich-Collins,* for petitioner.

*John T. Kupchinsky,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE WILLIAMS, JR., July 15, 1982:

Pamela Brillhart (claimant) has appealed from an order of the Unemployment Compensation Board of Review (Board) denying her benefits. The Board concluded that the claimant had been discharged from her employment for an act that constituted willful misconduct, and that she was thus ineligible for benefits by mandate of Section 402(e) of the Unemployment Compensation Law (Law).[1]

The claimant was last employed as a banquet waitress by the Genetti Lycoming Hotel. The employer had a rule that required a waiter or waitress to secure a replacement if he or she was to be absent from work. The rule further provided for the discharge of any such employee who failed to comply with the requirement.

On February 26, 1980, the claimant did not report for work; nor did she secure a replacement for herself as her employer's rule required. As a result, she was discharged. When the claimant applied for unemploy-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

ment compensation, the Office of Employment Security determined that she had been discharged for an act that constituted willful misconduct, and denied her benefits on that ground.

When the matter was heard by a referee, the claimant testified that she missed work on February 26, 1980 because she was ill, indicating that she had contracted influenza and was in a feverish condition that day. The claimant's husband testified that he telephoned the employer a few hours before the beginning of his wife's scheduled work shift, to report that his wife was ill and would not be coming to work. According to the husband's testimony, he was not aware of the replacement rule when he undertook to call his wife's employer on February 26th, and was not told of the requirement when he spoke with the employer on that occasion.

The claimant herself acknowledged to the referee that she had full prior knowledge of the replacement rule; and she admitted that she did not comply with the rule when she missed work on February 26th. The claimant added, however, that her feverish condition that day caused her to forget about the rule. When the referee sustained the determination of the Office of Employment Security, the claimant appealed to the Board.

The Board found that the claimant was, in fact, ill on the day in question, February 26, 1980; and that she absented herself from work for that reason. That finding notwithstanding, the Board concluded that the claimant's noncompliance with the employer's replacement rule constituted willful misconduct under Section 402(e) of the Law, thus affirming the referee's decision.[2]

---

[2] Although the Board affirmed the referee's decision, the Board replaced the referee's 3 findings of fact with 7 findings of its own.

It is now well established that where a claimant proves that he had "good cause" for violating an employer's rule or directive, such noncompliance does not constitute willful misconduct under Section 402(e). *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978); *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 351 A.2d 631 (1976). In *Kindrew v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978), we recognized that physical illness can constitute "good cause" for an employee's noncompliance with an employer's directive, and that it is unreasonable to apply a directive to a person whose ability to comply is negated by illness.

We have also held that where the evidence puts in issue the employee's physical ability to comply with a work rule or directive, the failure of the referee, or Board, to make a factual finding on that point requires a remand for such a determination. *Johnson v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 469, 422 A.2d 223 (1980); *Kindrew.* In the case at bar, claimant Brillhart testified that flu-induced fever caused her to forget her employer's replacement rule. That testimony was sufficient to raise the issue of whether the claimant's noncompliance with the work rule was caused by illness. Indeed, it can be said that the issue was further generated by the Board's own finding that the claimant was in fact ill on the day in question. Nonetheless, the Board made no finding whatsoever concerning the nexus, if any, between the claimant's illness and her failure to comply with the employer's rule.[3] Accordingly, we must remand this case to the Board to make such a finding.

---

[3] The referee had made no findings at all relative to the claimant's illness.

### ORDER

AND Now, the 15th day of July, 1982, the order of the Unemployment Compensation Board of Review dated May 30, 1980, at Decision No. B-184687, is vacated; and the matter is hereby remanded for action not inconsistent with the opinion herein.

Judge MENCER did not participate in the decision in this case.