**Margaret E. THOMPSON, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 17, 1998.

Decided Jan. 21, 1999.

Margaret J. Fried, Pittsburgh, for petitioner.

Sarah C. Yerger, Harrisburg, for respondent.

1. Act of December 5, 1936, Second Ex.Sess., P.L.

Before COLINS, President Judge, FLAHERTY, J. (P.), and JIULIANTE, Senior Judge.

FLAHERTY, Judge.

Margaret E. Thompson (Claimant) petitions for review from an order of the Unemployment Compensation Board of Review (Board) which denied Claimant unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law)[1] concluding that Claimant engaged in disqualifying willful misconduct. We reverse.

The findings of facts as found by the Board are as follows. Claimant had been employed as a nurses aide by Fair Oaks Retirement Center (Employer) and her last day of work was November 2, 1997. Employer had an attendance policy which required employees to give advance notice of their need to be absent from any scheduled shift. In addition, employees were required to find a replacement when they would be absent. Employer provided listings of available employees and their current telephone numbers to the employee calling off so that they could find their own replacement.

While employed by employer, Claimant had been warned by Employer for matters of attendance. Claimant had also been warned for her failure to get replacements when she needed to be off work. In January 1996, Claimant had been suspended for three days for failing to call off with proper notice and for her refusal to attempt to find a replacement worker.

The final incident for which Claimant was discharged transpired as follows. Claimant was scheduled to work on November 3, 1997. Claimant reported off work due to illness and declined to find a replacement for her scheduled shift. Claimant again called off work on November 4, 1997, due to illness and did not find a replacement worker. On November 5, 1997, Claimant was again absent, did not call off per Employer policy and did not find a

(1937), *as amended,* 43 P.S. § 802(e).

replacement.[2] Claimant was ill with the flu beginning on November 3, 1997, and was not released by her doctor to return to work until November 6, 1997.

Claimant was subsequently discharged by Employer for continued failure to report for work as scheduled and her failure to adhere to Employer's attendance policies concerning calling off properly and finding a replacement worker when calling off.

Claimant applied for unemployment compensation benefits which the job center disapproved pursuant to Section 402(e) of the Law concluding that Claimant did not abide by the established call off procedure. Claimant appealed and a referee's hearing was conducted at which Claimant and a witness, and two Employer witnesses, appeared and testified. The referee affirmed the job center's determination and denied benefits concluding that while Claimant had good cause for her absence because she was ill, Claimant violated Employer's attendance policies without good cause when she did not call off properly on November 5, 1997 or find a replacement on the days she was absent. Claimant then appealed to the Board which affirmed the decision of the referee denying benefits by order dated April 21, 1998, without making its own findings. Claimant then filed a petition for review to this Court.

This case presents the following issues for our review: (1) whether Claimant had good cause for violating Employer's rule concerning finding a replacement when calling off work; (2) whether the Board's adopted finding that Claimant had not called off properly on November 5, 1997, is supported by substantial evidence in the record; and (3) whether Employer consistently and fairly applied its rule that each employee who calls off work must find their own replacement for that shift.[3] First we will address Claimant's good cause argument for her violation of Employer's rule concerning finding a replacement worker when calling off work.

Claimant does not dispute that she violated Employer's rule concerning finding a replacement worker for her shifts on November 3, 4, and 5, 1997. Instead, Claimant argues that she had good cause for her failure to find a replacement worker on those days because she was too ill from the flu to do so.[4] Claimant cites *Brillhart v. Unemployment Compensation Board of Review*, 67 Pa.Cmwlth. 437, 447 A.2d 697 (Pa.Cmwlth. 1982) in support of her argument. This Court recognized in *Brillhart* that physical illness can constitute good cause for an employee's noncompliance with an employer directive. *See also, Kindrew v. Unemployment Compensation Board of Review*, 37 Pa.Cmwlth. 9, 388 A.2d 801 (Pa.Cmwlth. 1978). In *Brillhart*, the claimant was discharged for her failure to secure a replacement worker when she called off due to illness. While recognizing that this illness could be good cause for her failure to find a replacement, the case was remanded because the Board had failed to make the necessary findings concerning the nexus, if any, between the claimant's illness and her failure to comply with the rule.

In the instant case, the referee did make a finding, which was adopted by the Board, that Claimant was off work due to being sick with the flu. But, the referee and the Board concluded that this was not good cause for her failure to find a replacement. Therefore, the necessary findings were made in this case. However, according to *Brillhart*, Claimant had good cause for her failure to find a replacement since she was off work due to the flu. Even the Board in its brief

**2.** Claimant argues that this particular finding is not supported by substantial evidence in the record. Claimant does not challenge any of the remaining findings of the referee which were adopted by the Board.

**3.** Our review in an unemployment compensation case is limited to determining whether constitutional rights have been violated, whether errors of law were committed, or whether findings of fact are supported by substantial evidence. *Es-tate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

**4.** We have held that after an employer has met its burden of proving that there is a rule and that the claimant has violated that rule, the burden of proof then shifts to the claimant to show that she had good cause for violating the employer's rule. *Williams v. Unemployment Compensation Board of Review*, 141 Pa.Cmwlth. 667, 596 A.2d 1191 (Pa.Cmwlth.1991).

concedes this to be the case. Accordingly, we conclude that Claimant had good cause for her rule violation. Therefore, the Board erred as a matter of law in determining otherwise.

Next, the Board argues that even if Claimant had good cause for failing to find a replacement, she still failed to call off properly on November 5, 1997, therefore she committed disqualifying willful misconduct. The Claimant counters that finding of fact number ten which stated that she failed to call off on November 5, 1997, is based upon unobjected to hearsay which is not corroborated by any other non-hearsay testimony in the record. Therefore, Claimant contends that the finding that she failed to call off on November 5, 1997, is not supported by substantial evidence. A review of the record reveals that Claimant's contention is correct.

The testimony from Employer's witness indicates that another employee told the witness that Claimant did not call off on November 5, 1997. Claimant was unrepresented at the hearing and did not object to this hearsay testimony. Later, the witness admitted that she could not confirm whether Claimant had called off or not on November 5, 1997. There is no other first-hand testimony or evidence in the record that indicates that Claimant did not call off that day. To the contrary, Claimant testified that she did call off that day to Kelly Pashok.[5] This is the only first hand testimony about Claimant's call off on November 5, 1997.

■ This Court has stated that a finding of fact based solely on hearsay will not stand, *Walker v. Unemployment Compensation Board of Review*, 27 Pa.Cmwlth. 522, 367 A.2d 366 (Pa.Cmwlth.1976). Because the referee's finding that Claimant did not call off on November 5, 1997, is not based upon substantial evidence, but instead is based upon hearsay evidence which was not corroborated by any other competent evidence, this finding cannot be relied upon in this case.

5. Kelly Pashok was not at the referee's hearing to testify.

6. Because we have resolved this case based upon the first two issues, we need not address Claim-

While the Board is correct in arguing that even one unreported absence can constitute willful misconduct, *White v. Unemployment Compensation Board of Review*, 69 Pa. Cmwlth. 196, 450 A.2d 770 (Pa.Cmwlth.1982), because the finding that Claimant did not report off on November 5, 1997 cannot be relied upon, the Board's argument that Claimant is disqualified because she failed to report for work or call off on November 5, 1997, must fail.[6]

Accordingly, because Claimant had good cause for her failure to find a replacement on the days she reported off sick and because the Board's adopted finding that Claimant did not call off work on November 5, 1997 is not supported by substantial evidence, we conclude that the Board erred in denying Claimant benefits. Therefore, the order of the Board is reversed and benefits are granted.

### ORDER

AND NOW, this 21 st day of January, 1999, the order of the Board at No. B–369792 dated April 21, 1998, is reversed and benefits are granted.

President Judge COLINS dissents.

ant's argument that Employer did not consistently and fairly apply its rule concerning finding a replacement worker when calling off.