# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Ball Supports Coordination, LLC, :
                              Petitioner          :
                                                 :
                    v.                           :          No. 2539 C.D. 2015
                                                 :          Submitted: May 27, 2016
Unemployment Compensation                        :
Board of Review,                                 :
                              Respondent         :

BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY SENIOR JUDGE COLINS**                      **FILED:  August 18, 2016**


Casey Ball Supports Coordination, LLC (Employer) petitions this Court for review of an order of the Unemployment Compensation Board of Review (Board) holding that Sandra D. Brown (Claimant) was not ineligible to receive unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law.[1]  We affirm.

Claimant was discharged on July 31, 2015 by Employer, a company that provides assistance to the elderly in obtaining services, and filed for unemployment benefits.  The Department of Labor and Industry's Office of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, § 402(e), *as amended,* 43 P.S. § 802(e). Section 402(e) provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work . . . ."  43 P.S. § 802(e).

Unemployment Compensation Benefits found Claimant eligible because Employer had not shown that Claimant had committed willful misconduct. Employer appealed and the Referee conducted a hearing at which Claimant and two witnesses for Employer testified.

After the hearing, the Referee made the following findings of fact:

1. The claimant was employed as a Service Coordinator, full-time, working 40+ hours per week, salaried at $538.40/wk., from August 7, 2014 through July 31, 2015, the claimant's last day of work.

2. As a Service Coordinator, the claimant was responsible for coordinating services in accordance with a recommended plan for individuals 60 years of age and older.

3. In Pennsylvania, only individuals licensed by the Commonwealth, may distribute medications, e.g., nurses and med-techs.

4. In early July of 2015, the claimant visited a consumer who asked the claimant to fill his pill box with a 3 week supply of medications. The claimant agreed to do so.

5. This consumer had been assigned a nurse who handled his medications. A gap in those services occurred and, in early July of 2015, no nurse was available to do this.

6. On July 28, 2015, the Director of Aging Waiver, who was the claimant's supervisor, learned that the claimant had filled the consumer's pill box. She contacted the claimant.

7. The claimant acknowledged that she had filled the pillbox and, when the Director instructed the claimant not to do it again, she agreed.

8. On July 31, the Director discussed the incident with the CEO [Chief Executive Officer] who determined it was in the best interests of the company to terminate the claimant's employment.

2

9. On July 31, 2015, the employer terminated the claimant's employment alleging a violation of policy as the reason.

(Record Item (R. Item) 12, Referee Decision and Order, Findings of Fact (F.F.) ¶¶1-9.) The Referee concluded that Claimant's filling of the pill box did not constitute willful misconduct because there was no evidence that Employer made Claimant aware of its policy prohibiting the handling of medication. (*Id.* at 2.) In addition, the Referee held that even if Employer had shown that it advised Claimant of its policy, Claimant's filling of the pill box was reasonable where there was a gap in services and the patient, as result, had no one to assist him. (*Id.* at 2-3.) Employer appealed to the Board. On November 16, 2015, the Board adopted and incorporated the Referee's findings and conclusions and affirmed the Referee's decision. (R. Item 14, Board Decision and Order.) Employer timely filed a petition for review appealing the Board's order to this Court.[2]

In unemployment compensation cases, the burden of proving willful misconduct is on the employer. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997); *Brown v. Unemployment Compensation Board of Review*, 49 A.3d 933, 937 (Pa. Cmwlth. 2012); *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338, 342 (Pa. Cmwlth. 2008). To prove willful misconduct, the employer must show: (1) wanton or willful disregard of the employer's interests, (2) deliberate violation of the employer's rules, (3) disregard of standards of behavior that an employer can rightfully expect from an employee, or (4) negligence that indicates an

---

[2] Our review is limited to determining whether the Board's decision is not in accord with the law, whether constitutional rights or agency procedures were violated, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704; *Brown v. Unemployment Compensation Board of Review*, 49 A.3d 933, 936 n.4 (Pa. Cmwlth. 2012).

intentional disregard for the employer's interests or the employee's duties or obligations. *Caterpillar, Inc.,* 703 A.2d at 456; *Brown*, 49 A.3d at 936-37; *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 1 A.3d 965, 968 (Pa. Cmwlth. 2010). Whether a claimant's actions constitute willful misconduct is a question of law fully reviewable on appeal. *Caterpillar, Inc.,* 703 A.2d at 456; *Brown*, 49 A.3d at 937; *Ductmate Industries, Inc.*, 949 A.2d at 342.

Employer contends that Claimant's conduct violated its policy prohibiting the handling of medications and therefore constituted willful misconduct. To prove willful misconduct based on the claimant's violation of a work rule or employer policy, the employer must not only prove the existence and violation of the rule or policy, it must also prove that the claimant was aware of that rule or policy and knowingly violated it. *Brown*, 49 A.3d at 937; *Philadelphia Parking Authority*, 1 A.3d at 968; *Williams v. Unemployment Compensation Board of Review*, 926 A.2d 568, 571 (Pa. Cmwlth. 2007). If the employer makes that showing, the burden is on the claimant to demonstrate good cause for her conduct. *Brown*, 49 A.3d at 937; *Philadelphia Parking Authority*, 1 A.3d at 968; *Williams*, 926 A.2d at 571.

Here, the Board properly found that Employer did not meet its burden of proving that Claimant was aware of its policy. Claimant denied knowledge of the policy (R. Item 11, Referee Hearing Transcript (H.T.) at 21-22, 24, Reproduced Record (R.R.) at 23a-24a, 26a), and Employer introduced no competent evidence that it ever advised Claimant of the policy before the incident for which she was discharged. Employer's CEO had no direct involvement in training service coordinators, had no personal knowledge concerning Claimant's training, and

4

admitted that she never told Claimant that filling pill boxes was prohibited. (*Id.* at 9, 11-12, R.R. at 11a, 13a-14a.) The only other witness for Employer, Claimant's supervisor, admitted that she did not discuss medications in the training that she gave Claimant and that she was not the person who trained service coordinators on this subject. (*Id.* at 15, R.R. at 17a.) Employer did not call as a witness the trainer who it contended instructed Claimant on its policy against handling medications and did not introduce into the record any documentary evidence supporting its contention that it advised Claimant of this policy.

Employer also argues that Claimant's filling of the pill box constitutes willful misconduct even if there were no employer rule or policy. We do not agree. The record before the Board does not establish that Claimant's conduct was so obviously improper as to constitute wanton, willful or intentional disregard of her duties or Employer's interests or a disregard of standards of behavior that an employer may automatically expect from its employees. Claimant did not dispense prescription medication; the patient already had the prescription medication that Claimant placed in his pill box and she merely provided assistance to the patient in handling that medication at his request. (R. Item 12, Referee Decision and Order, F.F. ¶4; R. Item 11, H.T. at 20, R.R. at 22a.) Claimant agreed to fill the pill box for the patient because there was an extended gap in the patient's nursing services, as a result of which the patient would either be filling the pill box himself or would not receive the medication that he needed. (R. Item 12, Referee Decision and Order at 2-3 & F.F. ¶5; R. Item 11, H.T. at 20, 22, R.R. at 22a, 24a.) Moreover, Claimant was certified to administer medications in New York and she consulted with the patient's family and obtained the family's approval before she filled the pill box. (R. Item 11, H.T. at 20, 24, R.R. at 22a, 26a.)

5

None of the decisions of this Court hold that assisting a patient with medication under these circumstances constitutes willful misconduct in the absence of a knowing violation of an employer policy. In *Philadelphia Geriatric Center v. Unemployment Compensation Board of Review*, 406 A.2d 1177 (Pa. Cmwlth. 1979), *limited by Navickas v. Unemployment Compensation Review Board*, 787 A.2d 284 (Pa. 2001), the claimant was discharged because she made a false entry in a patient's medical chart indicating that treatment had been given when it was not. 406 A.2d at 1178. In *Macurak v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 1923 C.D. 2008, filed August 19, 2009), 2009 WL 9098314, the willful misconduct consisted of using abusive physical force against a patient. Slip op. at 2-5, 2009 WL 9098314 at *1-*3.[3] The claimants' willful misconduct in the remaining cases relied on by Employer did not involve any medical treatment or handling of prescription medications. *See Hartley v. Unemployment Compensation Board of Review*, 397 A.2d 477 (Pa. Cmwlth. 1979) (claimant violated office policy of which she had knowledge after receiving warnings concerning past violations); *Shafer v. Unemployment Compensation Board of Review*, 378 A.2d 1044 (Pa. Cmwlth. 1977) (claimant falsified his time records).

In contrast, this Court held in *Vizzi v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 1044 C.D. 2015, filed March 9, 2016), 2016 WL 903065, that a pharmacist's use of her unlicensed husband to provide pharmacy technician assistance in an emergency did not constitute willful

---

[3] Because they are unreported decisions, *Macurak* and *Vizzi v. Unemployment Compensation Board of Review*, (Pa. Cmwlth., No. 1044 C.D. 2015, filed March 9, 2016), 2016 WL 903065, cited below, are not binding precedent, but may considered by the Court for their persuasive value. 210 Pa. Code § 69.414(a).

misconduct, even though her conduct violated state regulations, where she had reason to believe that her employer did not object. Slip op. at 1-3, 7-8, 2016 WL 903065 at *1, *4.

Because Employer failed to show that Claimant committed willful misconduct, we affirm the order of the Board.

_____
JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Ball Supports Coordination, LLC, :
                      Petitioner    :
                                  :
            v.               :    No. 2539 C.D. 2015
                                  :
Unemployment Compensation  :
Board of Review,              :
                   Respondent   :

# **O R D E R**

AND NOW, this 18th day of August, 2016, the order of the Unemployment Compensation Board of Review in this matter is hereby AFFIRMED.

_____
JAMES GARDNER COLINS, Senior Judge