# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Ball Supports Coordination,   :
                Petitioner    :
                                 :
           v.                 : No. 910 C.D. 2016
                                 : Submitted: January 6, 2017
Unemployment Compensation     :
Board of Review,              :
                Respondent   :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE JULIA K. HEARTHWAY, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: January 31, 2017

Casey Ball Supports Coordination (Employer) petitions from the Unemployment Compensation (UC) Board of Review's (Board) order affirming the Unemployment Compensation Referee's (Referee) decision finding Penny Greenfield (Claimant) not ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] because her discharge was not due to willful misconduct. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 751–918.10. Section 402(e) provides, in pertinent part:

> An employe shall be ineligible for compensation for any week—
>
> * * *

**(Footnote continued on next page…)**

Claimant worked full-time as a supports coordinator for Employer from January 8, 2016, through February 5, 2016, when she was discharged. In February 2016, Claimant filed for benefits with the Erie UC Service Center (Service Center) stating that she was discharged due to absenteeism, but explaining:

> I called in sick on [February 8, 2016 and February 9, 2016]. I had a severe migraine [headache] complete with vision problems and medication made it unsafe to drive to work. Severe head pain made it difficult to work. This happens only on rare [occasions]. I received an email telling me that I abandoned my job and I was to return materials to [the] office. I called [the] supervisor both days and sent emails both days. I was never given an employee handbook with the proper call off procedures so I did what any reasonable person would do and I called [and] sent emails.

(Reproduced Record (R.R.) at 10a.)

In the UC Questionnaire and in a follow-up call placed by the Service Center, Employer stated that it discharged Claimant for willful misconduct[2] because

---

**(continued…)**

> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act. . . .

43 P.S. § 802(e).

[2] Although the Law does not define the term "willful misconduct," the courts have defined it as:

> (1) wanton or willful disregard for an employer's interests; (2) deliberate violation of an employer's rules; (3) a disregard for the standards of behavior which an employer can rightfully expect of an

**(Footnote continued on next page…)**

she missed two consecutive days of work during her initial 90-day probationary period. Employer denied receiving prior notification from Claimant that she would be absent from work as required by the employee handbook which provides, in pertinent part, "If it becomes necessary for an employee to miss work, he/she is required to notify the Chief Executive Officer, Casey Ball." (R.R. at 88a).[3]

The Service Center determined that Claimant was eligible for benefits because, although she was discharged for absenteeism, Employer failed to demonstrate a specific incident of willful misconduct under Section 402(e) of the Law. Employer appealed, contending that Claimant was given an employee handbook during her first week of employment which explained that she had to notify Casey Ball directly if she was going to be absent from work.

---

**(continued…)**

> employee; or (4) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 1 A.3d 965, 968 (Pa. Cmwlth. 2010). Where a claimant is discharged for a work rule violation, the employer has the burden to show that the claimant was aware that the work rule existed and that the claimant violated the rule. *Id.* The employer must also establish that the claimant's actions were intentional and deliberate, and the employee's actions must be considered in light of all the circumstances, including the reasons for his or her non-compliance with the employer's directives. *Id.*

[3] While absenteeism standing alone is grounds for discharge, it is not willful misconduct. *Lyons v. Unemployment Compensation Board of Review*, 533 A.2d 1144, 1145 (Pa. Cmwlth. 1987). Absenteeism can constitute willful misconduct if any of the following additional elements are present: (1) excessive absenteeism; (2) failure to notify the employer of the absence in advance; (3) lack of good or adequate cause for the absence; (4) disobedience of existing employer rules, regulations, or policy regarding absenteeism; and (5) disregard of warnings regarding absenteeism. *Pettey v. Unemployment Compensation Board of Review*, 325 A.2d 642, 643 (Pa. Cmwlth. 1974).

3

Before the Referee, Casey Ball (Ball), Employer's chief executive officer, testified that when Claimant was hired, she was placed on a 90-day probationary period to determine her performance and to evaluate her abilities to follow policies and procedures. Ball testified that on January 11, 2016, shortly after she was hired, an email was sent to Claimant at her company email address containing the employee handbook outlining Employer's policies and procedures regarding absenteeism of employees. Ball stated that those policies required that "[i]f an employee is calling off . . . an employee must contact me directly by phone or e-mail." (R.R. at 59a.) However, after further questioning by the Referee, Ball admitted that Claimant neither acknowledged receipt of the email nor returned to Employer the acknowledgment form contained at the end of the employee handbook. Regarding Claimant's absence from work, Ball testified that Claimant never directly contacted her but instead contacted Nicole Hohn, Employer's director of service coordination, who received the emails and then forwarded them to Ball.

Nicole Hohn (Hohn) testified that Claimant contacted her on both days in question, by both voicemail and email, explaining that she needed to call off work because she was suffering migraine headaches. Hohn stated that because Ball was not included in either email, Hohn forwarded those emails to Ball. Hohn admitted that she did not respond to Claimant or inform her that she needed to directly contact Ball. Hohn explained that after Claimant missed both days of work, Employer's managerial staff held a meeting where it was determined that because she could not comply with company policies and procedures, she was to be discharged from her employment.

4

Claimant testified that because she was suffering debilitating migraine headaches on February 8 and 9, 2016, she had to call off work. Claimant stated that she called and emailed Hohn explaining that she was ill and would not be coming in to work. She did not hear back from Hohn on either day she was absent. Claimant denied ever receiving an employee handbook from Employer or signing any form indicating that she received the employee handbook. She did, however, receive an email informing her that one would be sent to her in the future.

The Referee affirmed the Service Center's determination that Claimant was not ineligible for benefits under Section 402(e) of the Law. As pertinent, the Referee found credible Claimant's testimony that she did not receive the employee handbook and was unaware of the specific call-off procedure. The Referee also found that Employer failed to present credible testimony demonstrating that Claimant received the employee handbook. Employer appealed to the Board which affirmed, specifically adopting the Referee's findings and conclusions. Employer then filed this petition for review.[4]

On appeal, Employer contends that the Board erred when determining that Claimant is not ineligible for benefits under Section 402(e) of the Law because it is undisputed that Employer had a call-off policy that Claimant violated, and the record does not contain substantial evidence to support the Board's finding that Claimant did not receive the employee handbook.

---

[4] Our review of the Board's decision is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence. *Frazier v. Unemployment Compensation Board of Review*, 833 A.2d 1181, 1183 n.4 (Pa. Cmwlth. 2003).

Contrary to Employer's contention, the Board found Claimant's testimony credible that she called off work because she suffered from migraine headaches and did so by contacting Hohn, as opposed to Ball, via voicemail and email, because she never received an employee handbook. Moreover, Ball admitted that Claimant never acknowledged receipt of the employee handbook and Hohn, despite knowing proper procedure, admitted that she did not respond to Claimant or tell her to directly contact Ball when she received the voicemails and emails.

Because Claimant testified that she did not receive the employee handbook or otherwise know Employer's call-off policy that Ball had to be personally contacted when absent from work, substantial evidence supports the Board's finding that Claimant did not willfully fail to follow Employer's call-off procedure. Accordingly, the Board's order is affirmed.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Ball Supports Coordination, :
                    Petitioner :
                              :
        v.                    : No. 910 C.D. 2016
                              :
Unemployment Compensation     :
Board of Review,              :
                    Respondent :

# **O R D E R**

AND NOW, this 31st day of January, 2017, the order of the Unemployment Compensation Board of Review dated May 10, 2016, at No. B-589024, is affirmed.

_____
DAN PELLEGRINI, Senior Judge