# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kayla Humphries,       :
           Petitioner      :
                   :
        v.            : No. 1729 C.D. 2016
                   : Submitted: February 17, 2017
Unemployment Compensation    :
Board of Review,         :
           Respondent     :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE JULIA K. HEARTHWAY, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI              FILED: March 17, 2017


Kayla Humphries (Claimant) petitions *pro se* for review of an order of the Unemployment Compensation (UC) Board of Review (Board) affirming an Unemployment Compensation Referee (Referee) decision finding that she was ineligible for unemployment compensation benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] because her termination was due to willful misconduct. We affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) provides, in pertinent part:

> An employe shall be ineligible for compensation for any week—

> * * *

**(Footnote continued on next page…)**

From January 18, 2011, through July 7, 2016, Claimant worked full-time as a residential assistant for Passavant Memorial Home (Employer). She was discharged by Employer for violating its written attendance and tardiness policy (Policy),[2] which calls for progressive disciplinary action in the event an employee is late to work at least six times in a nine-month period. If formal discipline is required, Employer proceeds in the following steps: written warning, a one-day suspension, a three-day suspension, and then termination of employment.

Pursuant to this Policy, between March 30, 2015, and February 16, 2016, Employer issued Claimant a written warning for her tardiness because she was late to work more than six times in a nine-month period; then suspended Claimant because, notwithstanding the written warning, she was late to work an additional three times; and then suspended Claimant again for three days after she was late for work two

**(continued…)**

> (e) In which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act….

43 P.S. § 802(e).

[2] Excessive absenteeism or tardiness may constitute willful misconduct. Employers have "the right to expect that . . . employees will attend work when they are scheduled, that they will be on time, and that they will not leave work early without permission." *Fritz v. Unemployment Compensation Board of Review*, 446 A.2d 330, 333 (Pa. Cmwlth. 1982). "We have repeatedly held that habitual tardiness is adequate ground[s] for a finding of willful misconduct. . . . [S]uch behavior is inimical to an employer's interest." *Id. See also Bowers v. Unemployment Compensation Board of Review*, 392 A.2d 890, 892 (Pa. Cmwlth. 1978) (benefits denied where claimant violated no-fault tardiness clause in collective bargaining agreement by being late 12 times during four-month period).

consecutive days. When Employer imposed each of these progressive disciplinary actions, Claimant received and signed an Employee Performance Review detailing her infractions, the dates they occurred, and the past and current disciplinary action issued by Employer.

On July 6, 2016, Claimant was late for work for the fourth time since being suspended for three days. "[D]ue to a 'fourth offense' of reporting to work after [the] designated start time[,]" Employer discharged her the next day. (Record (R.) Item No. 4, Employer Separation Information.)

Claimant then filed a claim with the Lancaster UC Service Center (Service Center). In the UC Questionnaire, Claimant admitted that she was late to work on July 6, 2016, and that she previously received both verbal and written warnings from Employer about her tardiness. When asked to list the reason why she was late for work on the day in question, Claimant answered "I don't know." (R. Item No. 2, Claimant Questionnaire, dated 07/08/2016.)

The Service Center determined that Claimant was ineligible for benefits under Section 402(e) of the Law because Employer warned Claimant about her attendance and Claimant failed to show good cause for her lateness. Claimant appealed.

Before the Referee, Denise Reithmiller (Reithmiller), Employer's Human Resource Coordinator, testified that pursuant to the Policy, an employee who is late for work six times within a nine-month period receives a written warning followed by a one-day suspension, then a three-day suspension, and then termination

3

of employment. Reithmiller explained that because Claimant was chronically late for work, Employer followed its progressive discipline policy first by issuing her a written warning, followed by a one-day and then a three-day suspension. After receiving these progressive disciplinary measures, Claimant was terminated "For her last offense of being late to go to work." (N.T. 08/22/16[3] at 7.) While one additional infraction beyond the Policy's initial threshold is sufficient for issuing progressive discipline, Reithmiller clarified that Claimant did not receive immediate discipline for her infractions due to the periodic manner that Employer monitors and reports employee tardiness and attendance.

Claimant then testified, and for the first time, explained that she was late for a fourth time subsequent to her three-day suspension "Because I got stuck in traffic." (N.T. 08/22/16 at 14.)[4]

Finding that Employer issued Claimant a written warning because she was late for work on ten occasions, suspended her because she was late on another three occasions, suspended her again because she was late for work on another two occasions, and finally discharged her because she was late for work on another four occasions, the Referee affirmed the Service Center's determination that Claimant's

---

[3] "N.T. 08/22/16" refers to the transcript of the August 22, 2016 hearing before the Referee.

[4] In addition to providing an explanation as to why she was late, Claimant testified that she was unaware her tardiness could have resulted in discharge. However, when questioned by the Referee, Claimant admitted that she received Employer's Policy and copies of the written incident reports she signed. During her testimony, Claimant also alleged harassment by fellow employees, which she did not contend caused her tardiness.

actions rose to the level of willful misconduct[5] and denied Claimant benefits under Section 402(e) of the Law. As the Referee reasoned, Claimant was, or should have been, aware that her job was in jeopardy when she reported for work 15 minutes late on July 6, 2016.[6] Claimant appealed to the Board, and the Board affirmed. This appeal by Claimant followed.[7]

On appeal,[8] Claimant contends the Board erroneously found that she was late for work ten days as opposed to eight days between May 30, 2015, and

---

[5] While the Law does not define the term "willful misconduct," the courts have defined it as:

> (1) wanton or willful disregard for an employer's interests; (2) deliberate violation of an employer's rules; (3) a disregard for the standards of behavior which an employer can rightfully expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 1 A.3d 965, 968 (Pa. Cmwlth. 2010). Where a claimant is discharged for a work rule violation, the employer has the burden to show the claimant was aware the work rule existed and the claimant violated the rule. *Id.* The employer must also establish that the claimant's actions were intentional and deliberate, and the employee's actions must be considered in light of all the circumstances, including the reasons for his or her non-compliance with the employer's directives. *Id.*

[6] While the Referee found Claimant was late for work on July 6, 2016, due to a traffic jam, the Referee nonetheless concluded that this "self-serving and previously unreported explanation . . . does not justify her tardiness. The claimant's excessive tardiness was in violation of the employer's policy and she was discharged in accordance with their progressive disciplinary procedure." (R. Item No. 12, Referee's Decision/Order, dated 08/31/2016 (Ineligible).)

[7] Our review of the Board's decision is limited to determining whether an error of law was committed, whether constitutional rights were violated, or whether necessary findings of fact were supported by substantial evidence. *Frazier v. Unemployment Compensation Board of Review*, 833 A.2d 1181, 1183 n.4 (Pa. Cmwlth. 2003).

[8] As best as we can discern, Claimant challenges this court's jurisdiction to review the Board's order. However, pursuant to 42 Pa.C.S. § 763(a)&(a)(1), "the Commonwealth Court shall **(Footnote continued on next page…)**

5

November 11, 2015. Moreover, for the first time on appeal, Claimant contends that she did not "serve" a one-day suspension, although she does not contest that she served a three-day suspension and also received a written warning prior to discharge.[9]

Regarding the number of days Claimant was absent prior to receiving a written warning, the Board concedes that she was actually late for work on eight days, but then correctly contends that this error is harmless because Claimant was still late more than six days, the Policy's threshold for imposing a written warning. *See, e.g.*, *Sturpe v. Unemployment Compensation Board of Review*, 823 A.2d 239, 242 (Pa. Cmwlth. 2003) (deeming errors contained in the Board's order as being "harmless" where they were found to "have no effect on this outcome.")

---

**(continued…)**

have exclusive jurisdiction of appeals from final orders of . . . the Unemployment Compensation Board of Review . . ."

[9] Claimant's Statement of Questions Presented provides, in full:

How come I have been denied benefits under Section 401(f)?

Ineligible under section 401 (f) Affirmed with/by [Employer]

Violation/Attendance Policy

How come the referee did not question the harassment that had been used against me where I mentioned it at the referee hearing?

(Brief of Petitioner at 4.) Claimant does contend that the Board erred when determining she did not have good cause to be late. Claimant also does not explain why her allegations of harassment are relevant to these proceedings or supply a causal nexus between these allegations and her admitted infractions.

Claimant also contends that the progressive discipline policy was not followed because she did not "serve" a one-day suspension. Given Reithmiller's testimony and Claimant's admission that she received and signed the Employee Performance Review imposing a one-day suspension, substantial evidence clearly supports the Board's finding that Claimant was suspended for one day pursuant to the Policy.

Accordingly, because substantial evidence supports the Board's determination that Claimant committed willful misconduct, we affirm the Board's order.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kayla Humphries,          :
          Petitioner    :
          :
          v.          : No. 1729 C.D. 2016
          :
Unemployment Compensation   :
Board of Review,        :
          Respondent   :

# **O R D E R**

AND NOW, this 17th day of March, 2017, the order of the Unemployment Compensation Board of Review dated October 3, 2016, at No. B-592781, is affirmed. Petitioner's challenge to this Court's jurisdiction is denied.

_____
DAN PELLEGRINI, Senior Judge