IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Washington County,                        :
                    Petitioner            :
                                          :
          v.                              :   No. 1838 C.D. 2016
                                          :   SUBMITTED:  April 28, 2017
Unemployment Compensation                 :
Board of Review,                          :
                    Respondent            :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY                         FILED:  June 12, 2017


          Washington County (Employer) petitions for review of the September 8, 2016 order of the Unemployment Compensation Board of Review (Board), which reversed the decision of the referee that found Bonnie L. Young (Claimant) committed willful misconduct and therefore was ineligible for unemployment compensation (UC) benefits.  We affirm.

          Claimant was employed by Employer as a certified nursing assistant (CNA) at its health center, and her last day of work was June 2, 2016.  (Board's Findings of Fact (F.F.) No. 1.)  The Pennsylvania Department of Health mandates that in-service training sessions be performed and that CNAs attend them.  (F.F.

No. 2.)  Claimant had proceeded through the pre-discharge steps in the disciplinary process for failure to attend mandatory training sessions and she had been warned that her job was in jeopardy.  (F.F. No. 3.)  Claimant was notified on April 5, 2016 of mandatory training which was being offered May 16, 2016 through May 19, 2016, with Claimant having the option to choose which day she attended.  (F.F. No. 4.)  The May 19 session was noted as being available between the hours of 11:30 a.m. and 2:00 p.m. and that there would be no admittance after 60 minutes prior to the session end time, or 1:00 p.m.[1]  (F.F. No. 5.)  On May 18, 2016 on the authority of a unit supervisor, a reminder notice was placed in Claimant's work area stating the following: "Attention CNA's [sic] Thursday, May 19 2016, is the last day for the CNA skill fair! Times 11AM - 230PM."  (F.F. No. 6.)  Relying upon this notice, Claimant as well as several other co-workers believed that they had until 1:30 p.m. to report to the mandatory training.  (F.F. No. 7.)  However, the reminder notice had incorrect information regarding the time, as the mandatory training was still scheduled to run from 11:30 a.m. to 2:00 p.m.  (F.F. No. 8.)  Thus, unbeknownst to Claimant and her co-workers, they were still expected to be at the training no later than 1:00 p.m. or they would not be admitted.  (F.F. No. 9.)  Claimant arrived at the May 19 session between 1:20 p.m. and 1:25 p.m. and was denied admittance in accordance with the original notice.  (F.F. No. 10.)  Claimant's co-workers who arrived after 1:00 p.m. also were not admitted.  (F.F. No. 11.)  Employer discharged Claimant as of June 2, 2016 for failing to attend the mandatory training on May 19, 2016.  (F.F. No. 12.)

---

[1] Employer's witness testified that this particular skills fair had a time limit for arrival because the employees had to go from station to station.  (Reproduced Record (R.R.) at 19a-20a.)

Claimant applied for UC benefits and the Department of Labor and Industry, Duquesne UC Service Center, found Claimant was ineligible for benefits under section 402(e) of the UC Law,[2] which provides that a claimant shall be ineligible for benefits for any week in which her unemployment is due to willful misconduct. Claimant appealed and a hearing was held before a referee, at which Claimant and three witnesses for Employer testified. The referee issued a decision affirming the UC Service Center's determination. Claimant then appealed to the Board. The Board determined that Claimant's failure to attend the mandatory session by the required deadline was inadvertent and that Claimant reasonably relied upon the incorrect notice placed in her work area on May 18, resulting in her late arrival. Accordingly, the Board reversed the referee's decision and granted Claimant UC benefits.

Employer now petitions this Court for review of the Board's order,[3] challenging the Board's determination that Claimant is not ineligible for benefits under section 402(e) of the Law. Employer frames the issue for review by this Court as whether the Board erred by disregarding the referee's findings of fact, which were supported by substantial evidence, relating to Claimant's violation of a work rule regarding attendance at mandatory in-service training sessions. In developing its argument, Employer contends that the Board committed an error of

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e).

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

3

law because it did not account for the evidence establishing that Claimant had a history of failing to attend in-service training. Employer also contends that Claimant's defense, relying on the May 18, 2016 notice, is without merit because the notice was not official and Claimant should have sought clarification with regard to the discrepancy in start and end times between the initial notice and the May 18 notice. Employer contends that Claimant violated a known work rule and neglected her obligations, and in doing so, demonstrated a blatant disregard for Employer's interests.

Although the Law does not define willful misconduct, our Supreme Court has defined the term as:

> (a) wanton or willful disregard for an employer's interests; (b) deliberate violation of an employer's rules; (c) disregard for standards of behavior which an employer can rightfully expect of an employee; or (d) negligence indicating an intentional disregard of the employer's interest or an employee's duties or obligations.

*Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 425 (Pa. 2003). The employer bears the burden of proving willful misconduct. *Eshbach v. Unemployment Compensation Board of Review*, 855 A.2d 943 (Pa. Cmwlth. 2004). "[A]n inadvertent violation of an employer's rule may not constitute willful misconduct." *Id.* at 947. "[T]he employee's actions must be considered in light of all of the circumstances, including the reasons for his or her noncompliance with the employer's directives." *Philadelphia Parking Authority v. Unemployment Compensation Board of Review*, 1 A.3d 965, 968 (Pa. Cmwlth. 2010). "Where the action of the employee is justifiable or reasonable under the circumstances, it

4

cannot be considered willful misconduct because it cannot properly be charged as a willful disregard of the employer's intent or rules or of the standard of conduct which the employer has a right to expect." *Eshbach*, 855 A.2d at 948. Whether an employee's actions constitute willful misconduct is a question of law. *McLean v. Unemployment Compensation Board of Review*, 383 A.2d 533 (Pa. 1978).

Employer's argument overlooks the fact that it is the Board, not the referee, that is the ultimate fact-finder in UC proceedings, and questions regarding the weight of the evidence and witness credibility are solely within the Board's province.[4] *Morgan v. Unemployment Compensation Board of Review*, 108 A.3d 181 (Pa. Cmwlth. 2015). Additionally, Employer's argument disregards the fact that the Board found that Claimant was discharged for failing to attend the mandatory training on May 19, 2016. (F.F. No. 12.) This finding of fact is supported by substantial evidence found in the record. Employer's witness testified that Claimant "was terminated for failing to attend a mandatory training session," and specifically described Claimant's late arrival at the May 19 training session. (R.R. at 19a; *see also* R.R. at 24a.) Employer's witness stated that Claimant had made it to the fifth step of Employer's progressive disciplinary process, which was termination. (R.R. at 19a; *see also* R.R. at 21a.) Thus, Employer had already addressed and previously disciplined Claimant for her prior failures to attend training under its progressive policy. (*See* R.R. at 22a.) It was Claimant's failure to attend the May 19 training that triggered her termination as

---

[4] Employer does not challenge any of the Board's findings of fact; therefore, they are binding on this Court on appeal. *Salamak v. Unemployment Compensation Board of Review*, 497 A.2d 951 (Pa. Cmwlth. 1985).

5

the last step in her progressive discipline, rather than the totality of Claimant's history. Thus, it is Claimant's failure to attend the May 19 mandatory training alone that must be evaluated as potential willful misconduct.[5]

Claimant's testimony, which was found credible by the Board, was that on May 18 she saw a reminder notice posted in her unit stating that the May 19 training session time was from 11:00 a.m. to 2:30 p.m. (R.R. at 25a, 27a; *see* F.F. No. 6.) Claimant further testified that, relying on this notice, she and several other co-workers believed they had until 1:30 p.m. to report to the mandatory training. (F.F. No. 7, R.R. at 26a.) On May 19, 2016, Claimant, along with several co-workers, arrived at the mandatory training session between 1:20 and 1:25 and were denied admittance. This was because the reminder notice was incorrect. Unbeknownst to Claimant, she was still expected to be at the training no later than 1:00 p.m. or she would not be admitted. (F.F. Nos. 8-9.)

Claimant acknowledged that she had noticed the time discrepancy between the initial posting and the May 18 posting. However, she testified that she assumed the time had changed and did not think it was a mistake given that the notice was posted at the instruction of a supervisor. (R.R. at 28a.) Indeed, the Board credited Claimant's testimony, and found that the reminder notice was

---

[5] *Compare Grand Sport Auto Body v. Unemployment Compensation Board of Review*, 55 A.3d 186 (Pa. Cmwlth. 2012) (where Board erred in focusing solely on Claimant's last absence where the Board found that the reason the employer discharged the claimant was the claimant's long history of tardiness and absenteeism). The Board recognized that Claimant had proceeded through Employer's progressive discipline policy for failing to attend mandatory training sessions and was warned that her job was in jeopardy. (F.F. No. 3.)

6

posted on the authority of a supervisor, that it contained incorrect information, and that Claimant relied on the reminder notice. (F.F. Nos. 6-8.)

Considering Claimant's conduct in light of all of the circumstances as found by the Board, it was not error for the Board to conclude that Claimant reasonably relied on the notice placed in her work area containing incorrect information, and that therefore, her failure to report to the mandatory training by the required 1:00 p.m. was inadvertent. Thus, we cannot say that the Board erred as a matter of law in concluding that Claimant's conduct did not rise to the level of willful misconduct. *See Eshbach*.

Accordingly, we affirm the Board's order determining that Claimant is not ineligible for benefits under Section 402(e) of the Law.

_____
JULIA K. HEARTHWAY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Washington County,                  :
                Petitioner          :
                                    :
           v.                    :   No. 1838 C.D. 2016
                                    :
Unemployment Compensation            :
Board of Review,                     :
                Respondent          :

O R D E R

AND NOW, this 12th day of June, 2017, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

_____
JULIA K. HEARTHWAY, Judge